1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HAROLD W. LAWLEY, SR., | ) | CV F 03 5370 AWI WMW HC |
| | ) | |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS RE |
| | ) | PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) | |
| | ) | [Document 1] |
| | ) | |
| GAIL LEWIS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

## PROCEDURAL HISTORY

On July 14, 1998, Petitioner was found guilty in counts I, III and IV of robbery pursuant to California Penal Code Section 212.5(c).   The jury also found true personal firearm use enhancements pursuant to Sections 12022(a)(1) and 12022.53.   In addition, the court found true the allegations that Petitioner had suffered eight prior strike convictions (Sections 667(c) through (j), and 1170.1(a) through (e)), three serious felony convictions (Section 667(a)), and four prison priors (Section 667.5(a)).   The court sentenced Petitioner to serve an indeterminate term of 143 years to life, as follows: three consecutive terms of 32 years to life for counts I, III, and IV, plus

1  three consecutive ten-year terms for the firearm use enhancements (Sections 12022.53) for

2  counts 1, III, and IV; three five-year terms for the prior serious felony convictions (Section

3  667(a)); and two years for the Section 667.5(b) prior convictions.

4     Petitioner filed a direct appeal from his judgment of conviction. On November 21, 2000,

5  the California Court of Appeal, Fifth Appellate District ("Court of Appeal") affirmed the

6  judgment in an unpublished opinion. Unpublished Opinion in Case No. F033302.

7     On December 22, 2000, Petitioner filed a petition for review with the California

8  Supreme Court. On January 24, 2001, the court denied the petition without comment.

9     On April 24, 2002, Petitioner filed a petition for writ of habeas corpus with the Kern

10  County Superior Court, case number HC7512A. On May 24, 2002, the court denied the petition.

11     On June 6, 2002, Petitioner filed a petition for writ of habeas corpus with the Court of

12  Appeal, case number F040726. On June 13, 2002, the Court of Appeal denied the petition.

13     On July 17, 2002, Petition filed a petition for writ of habeas corpus with the California

14  Supreme Court, case number S108379. On March 19, 2003, the court denied the petition.

15     Petitioner filed the present petition for writ of habeas corpus on March 26, 2003. On

16  February 6, 2004, District Judge Anthony W. Ishii adopted the findings and recommendations

17  recommending that Respondent's motion to dismiss be denied. On February 23, 2004, this court

18  ordered Respondent to file a further response to Petitioner's petition. Respondent filed her

19  answer on April 8, 2004. Respondent concedes in her answer that Petitioner has exhausted his

20  state judicial remedies. Petitioner did not file a traverse to Respondent's answer.

21  **LEGAL STANDARDS**

22  <u>JURISDICTION</u>

23     Relief by way of a petition for writ of habeas corpus extends to a person in custody

24  pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws

25  or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); <u>Williams v.</u>

26  <u>Taylor</u>, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his

27  rights as guaranteed by the United States Constitution. In addition, the conviction challenged

28  arises out of the Kern County Superior Court, which is located within the jurisdiction of this

1    court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has jurisdiction over the action.

2           On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

3    of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its

4    enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S.

5    1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting

6    Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct.

7    1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059

8    (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant

9    petition was filed on March 26, 2003, after the enactment of the AEDPA, thus it is governed by

10   its provisions.

11   STANDARD OF REVIEW

12          This court may entertain a petition for writ of habeas corpus "in behalf of a person in

13   custody pursuant to the judgment of a State court only on the ground that he is in custody in

14   violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

15          The AEDPA altered the standard of review that a federal habeas court must apply with

16   respect to a state prisoner's claim that was adjudicated on the merits in state court.  Williams v.

17   Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus

18   will not be granted unless the adjudication of the claim "resulted in a decision that was contrary

19   to, or involved an unreasonable application of, clearly established Federal law, as determined by

20   the Supreme Court of the United States;" or "resulted in a decision that was based on an

21   unreasonable determination of the facts in light of the evidence presented in the State Court

22   proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003)

23   (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir.

24   2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue

25   the writ simply because that court concludes in its independent judgment that the relevant state-

26   court decision applied clearly established federal law erroneously or incorrectly."  Lockyer, at

27   1174 (citations omitted).  "Rather, that application must be objectively unreasonable." Id.

28   (citations omitted).

1   While habeas corpus relief is an important instrument to assure that individuals are

2   constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392

3   (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a

4   criminal conviction is the primary method for a petitioner to challenge that conviction.  Brecht v.

5   Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's

6   factual determinations must be presumed correct, and the federal court must accept all factual

7   findings made by the state court unless the petitioner can rebut "the presumption of correctness

8   by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115

9   S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day,

10   110 F.3d 1380, 1388 (9th Cir. 1997).

11   **DISCUSSION**

12   Petitioner contends that he was denied his Fourteenth Amendment rights to due process

13   and effective assistance of counsel and his right to effective assistance of counsel under the Sixth

14   Amendment in his prior 1989 conviction in case number SCR49003.   Primarily, Petitioner

15   claims that he was not informed by trial counsel, the court, or the prosecutor that this conviction

16   could be used to enhance future convictions, or that he had a right to appeal.   Petitioner argues

17   his 1989 conviction cannot be used to enhance his 1998 conviction.  Petitioner concludes that his

18   sentence enhancements for his prior convictions in the current case must be stricken.  Petitioner

19   previously presented this claim to the California Supreme Court in a petition for writ of habeas

20   corpus which was denied on the merits.[1]

21   In Lackawanna County Dist. Atty. v. Cross, 532 U.S. 394, 403-404 (2001),

22   the Court held that 28 U.S.C. Section 2254 does not provide a remedy when a state prisoner

23   challenges a current sentence on the ground that it was enhanced based on an allegedly

24   unconstitutional prior conviction for which the petitioner is no longer in custody.  Basing its

25   decision on the need for finality of convictions and ease of administration, the Court held that if

26

27

28   [1]As Respondent notes, Petitioner appears to present additional arguments in his declaration attached to his petition.  The only arguments before this court are those presented in the petition.

4

a conviction is no longer open to direct or collateral attack in its own right, but is later used to enhance a criminal sentence, a defendant generally may not challenge the enhanced sentence through a petition under Section 2254 on the ground that the prior conviction was unconstitutionally obtained . Id. at 402 - 404. Two exceptions to this general rule exist. The first exception is for when the first conviction was obtained without appointment of counsel, in violation of the Sixth Amendment. Id. at 403. This exception does not apply in the present case, as counsel was appointed in the case that resulted in Petitioner's 1989 conviction.

The second exception exists for cases in which Petitioner cannot be faulted for failing to obtain timely review of a constitutional claim regarding his first conviction. Id. at 405. Circumstances include those in which a state court has erroneously refused to rule on a properly presented Constitutional claim, or in which a defendant has obtains compelling evidence that he is actually innocent of the crime for which he was convicted, which he could not have uncovered in a timely manner. Id. This second exception also does not exist in the present case. Petitioner has made no allegation that a state court has erroneously refused to rule on his claim, and although he states briefly that he "comes before this court on grounds of actual innocence," he provides no factual explanation of how he is actually innocent. Rather, this statement is simply inserted into the middle of his argument that he was not informed of the possibility of the use of the conviction for future enhancement purposes. The court finds that Petitioner has not made an identifiable, substantive claim of actual innocence.

In light of the above, the court concludes that under Lackawanna, 28 U.S.C. Section 2254 does not provide a remedy for Petitioner's challenge to his 1998 conviction on the ground that it was enhanced based on his allegedly unconstitutional 1989. Accordingly, this petition must be denied.

Based on the foregoing, IT IS HEREBY RECOMMENDED that the petition for writ of

habeas corpus be DENIED and that the Clerk of the Court be directed to enter judgment for Respondent.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    September 26, 2005            /s/  William M. Wunderlich**
mmkd34                                    UNITED STATES MAGISTRATE JUDGE