# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HAROLD W. LAWLEY, SR., | ) | 1: 03-CV- 5370 AWI WMW HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTION TO VACATE |
| | ) | JUDGMENT |
| v. | ) | |
| | ) | [Doc. 24] |
| | ) | |
| GAIL LEWIS, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner who was formerly proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 24, 2004, the court entered an order requiring Respondent to file an additional response to the petition and granting Petitioner an opportunity to file an opposition to Respondent's response. Respondent filed an answer on April 8, 2004. Petitioner did not file a response to the answer.

On September 27, 2005, the court entered findings and recommendations, addressing Petitioner's claim that he was denied his Fourteenth Amendment rights to due process and effective assistance of counsel and his right to effective assistance of counsel under the Sixth Amendment in his prior 1989 conviction in case number SCR49003. In particular, the court addressed Petitioner's argument that his 1989 conviction cannot be used to enhance his 1998 conviction, rejecting this claim. See Lackawanna County Dist. Atty. v. Cross, 532 U.S. 394,

403-404 (2001) (holding that 28 U.S.C. Section 2254 does not provide a remedy when a state prisoner challenges a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which the petitioner is no longer in custody).

On October 21, 2005, Petitioner filed objections to the findings and recommendations. On December 6, 2005, District Judge Anthony W. Ishii entered an order adopting the findings and recommendations in full and denying the petition for writ of habeas corpus. Judgment for Respondent was entered on December 6, 2005.

On February 27, 2007, Petitioner filed the present motion to vacate judgment pursuant to Rule 60(b)(4) and (5), Federal Rules of Civil Procedure. Rule 60(b) provides in part as follows:

> b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Petitioner contends that the Respondent did not inform him that he had filed an answer, and did not serve him with a copy of the petition. Attached to Respondent's answer is a proof of service, indicating that the answer was served on Petitioner at his address of record. Accordingly, the court finds that Respondent fulfilled his obligations regarding notice to Petitioner of the filing of an answer. Furthermore, Petitioner does not deny that he was served with a copy of the court's findings and recommendations in regard to the petition. Indeed, Petitioner clearly did receive a copy of the findings and recommendations, because he filed objections to them. Petitioner had ample notice of and opportunity to respond to the findings and recommendations of the court, and did so. Petitioner's objections were addressed by District Judge Ishii in his order of December 6, 2005, and rejected, including Petitioner's claim that he did not receive a copy of the answer.

Petitioner has presented nothing new in his present motion and presents nothing to support this court vacating the judgment pursuant to Rule 60(b). Accordingly, Petitioner's

motion to vacate judgment is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:      June 13, 2007**                                    **/s/ Anthony W. Ishii**
                                                                   UNITED STATES DISTRICT JUDGE