IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WILLIAM LAWLEY, SR., ) | 1: 03- CV - 5370 AWI WMW HC |
| Petitioner, ) | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| v. ) | |
| GAIL LEWIS, WARDEN, ) | ORDER REQUESTING CLERK OF THE COURT SERVE A COPY OF THIS ORDER ON THE NINTH CIRCUIT |
| Respondent. ) | |

     Petitioner, a state prisoner proceeding pro se, is proceeding with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On December 6, 2005, the court adopted the Magistrate Judge's Findings and Recommendations and denied the habeas corpus petition.  On December 6, 2005, the Clerk of the Court entered judgment. On February 27, 2007, Petitioner filed a motion to vacate judgment.  On June 14, 2007, the court denied Petitioner's motion. On July 5, 2007, Petitioner filed a notice of appeal.  On August 6, 2007, the Ninth Circuit requested this court either grant or deny a certificate of appealability.

     A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).  The controlling statute is 28 U.S.C. § 2253, which provides as follows:

     (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district

1     judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
2     (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
3     (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
4     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
5     (B) the final order in a proceeding under section 2255.
6     (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
7     (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If the court denies habeas corpus petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327;  Slack v. McDaniel, 529 U.S. 473, 484 (2000). that

    In the present case, the court finds that reasonable jurists would not disagree with the court's determination that Petitioner cannot attack his current conviction by contending that a prior conviction, used to enhance his sentence, was unconstitutional.   Title 28 U.S.C. § 2254 does not provide a remedy when a state prisoner challenges a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which the petitioner is no longer in custody. Lackawanna County Dist. Atty. v. Cross, 532 U.S. 394, 403-04 (2001). Reasonable jurists would not disagree with this court's finding that, even assuming Petitioner never received Respondent's answer, Petitioner was not prejudiced.

    Accordingly, the court hereby ORDERS that a certificate of appealability SHALL NOT BE ISSUED.   The Clerk of the Court is DIRECTED to serve a copy of this order on the Ninth Circuit.

IT IS SO ORDERED.

**Dated:   August 10, 2007**         /s/ Anthony W. Ishii
                                                           UNITED STATES DISTRICT JUDGE